Bruce H. Schneider
David Cheifetz
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

PHILIP POLITZINER AND GLENNIS
POLITZINER,

                Plaintiffs,

v.

CRP/EXTELL PARCEL I, L.P.,

                Defendant.

------------------------------------------------------------- x

Case No. 09-Civ.-2364 (SHS)

**ANSWER**

Defendant CRP/Extell Parcell I, L.P. ("Defendant" or "Sponsor"), by its attorneys, Stroock & Stroock & Lavan LLP for its Answer to the Complaint responds and alleges as follows:

1. With respect to the allegations contained in Paragraph 1 of the Complaint, refers to the Complaint for its contents and denies that Defendant violated the statutes referred to in the Complaint.

2. Admits the allegations contained in Paragraph 2 of the Complaint.

3. With respect to the allegations in Paragraphs 3 through 8 of the Complaint, refers to the Complaint for its contents and denies that Defendant violated the statutes referred to in the Complaint and that Plaintiffs are entitled to any relief.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

5. With respect to the first sentence of Paragraph 10 of the Complaint, admits that Defendant has an office c/o Extell Development Company, 805 Third Avenue, New York, NY. The second sentence in Paragraph 10 of the Complaint states a legal conclusion as to which no response is required.

6. With respect to Paragraphs 11 and 12 of the Complaint, refers to the Complaint for its contents, admits that Plaintiffs make allegations under the Interstate Land Sales Full Disclosure Act ("ILSFDA") but denies that Defendant violated the ILSFDA, and that, to that extent, this Court has subject matter jurisdiction with respect to the ILSFDA claim.

7. Paragraph 13 states a legal conclusion as to which no response is required.

8. Admits the allegations contained in Paragraph 14 of the Complaint except denies that Plaintiffs state a claim upon which relief can be granted.

9. Admits the allegations contained in Paragraph 15 of the Complaint.

10. Denies the allegations contained in Paragraph 16 of the Complaint except admits that Defendant has employed instrumentalities of interstate commerce.

11. Admits the allegations contained in Paragraph 17 of the Complaint except refers to the Purchase Agreement for its contents and states that the deposit is 15% of the purchase price.

12. Denies the allegations contained in Paragraph 18 of the Complaint except admits that, as of this date, a closing on the Unit has not yet occurred and is scheduled for May 11, 2009.

13. With respect to the allegations contained in Paragraph 19 of the Complaint, refers to the HUD Property Report in its entirety for its contents.

14. Denies the allegations contained in Paragraphs 20 through 22 of the Complaint.

15. Denies the allegations contained in Paragraphs 23 and 24 of the Complaint and refers to the Purchase Agreement for its contents.

16. With respect to Paragraph 25 of the Complaint states that the allegations are vague and do not give Defendant adequate notice of the claims being made but denies that Defendant violated the provisions of the ILSFDA referred to therein.

17. Denies the allegations contained in Paragraph 26 of the Complaint and avers that the New Jersey Real Estate Full Disclosure Act ("NJREFDA") does not apply to the transaction complained of in the Complaint.

18. Denies the allegations contained in Paragraphs 27 and 28 of the Complaint.

19. With respect to Paragraph 29 of the Complaint, repeats and realleges its responses to Paragraph 1 through 28 of the Complaint.

20. Denies the allegations contained in Paragraph 30 of the Complaint and refers to the HUD Property Report in its entirety for its contents.

21. With respect to Paragraph 31 of the Complaint, admits that the Condominium is registered pursuant to the ILSFDA and states that the balance of the allegations contained in Paragraph 31 of the Complaint are legal conclusions as to which no response is required.

22. Denies the allegations contained in Paragraph 32 of the Complaint and refers to the HUD Property Report and the Regulations for their contents.

23. Paragraph 33 of the Complaint states legal conclusions as to which no response is required and refers to the HUD Property Report and the Regulations for their contents.

24. Denies the allegations contained in Paragraphs 34 through 37 of the Complaint and refers to the HUD Property Report for its contents.

25. Denies the allegations contained in Paragraphs 38 through 40 of the Complaint.

26. With respect to Paragraph 41 of the Complaint, repeats and realleges its responses to Paragraph 1 through 40 of the Complaint.

27. Paragraphs 42 and 43 of the Complaint state legal conclusions as to which no response is required.

28. Denies the allegations contained in Paragraph 44 of the Complaint and refers to the Purchase Agreement and HUD Property Report for their contents.

29. Denies the allegations contained in Paragraph 45 of the Complaint and refers to the Purchase Agreement for its contents.

30. Denies the allegations contained in Paragraph 46 and 47 of the Complaint.

31. With respect to Paragraph 48 of the Complaint, repeats and realleges its responses to Paragraph 1 through 47 of the Complaint.

32. Denies the allegations contained in Paragraph 49 of the Complaint.

33. Paragraphs 50 and 51 state legal conclusions as to which no response is required.

34. With respect to paragraph 52 of the Complaint refers to the Purchase Agreement in its entirety for its contents.

35. Denies the allegations contained in Paragraphs 53 through 55 of the Complaint.

36. With respect to Paragraph 56 of the Complaint, repeats and realleges its responses to Paragraph 1 through 55 of the Complaint.

37. Paragraph 57 of the Complaint states legal conclusions as to which no response is required.

38. Denies knowledge or information sufficient to form a belief as to whether Plaintiffs are residents of New Jersey but denies, in any event, that the NJREFDA applies.

39. Denies the allegations contained in Paragraph 59 of the Complaint except admit that the Condominium is not registered pursuant to the NJREFDA and avers that the NJREFDA does not apply to the transaction complained of in the Complaint.

40. Denies the allegations contained in Paragraph 60 of the Complaint.

41. With respect to Paragraph 61 of the Complaint, repeats and realleges its responses to Paragraph 1 through 60 of the Complaint.

42.   Denies the allegations contained in Paragraphs 62 and 63 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the Purchase Agreement or HUD Property Report does not literally conform to ILSFDA or the Regulations there under, those differences are not material and cannot be a basis for a claim of rescission.

## THIRD AFFIRMATIVE DEFENSE

Defendant has complied with 15 U.S.C. § 1703(d) in all material respect and, in light of the tax lot designation procedures of the City of New York, more strict compliance with that statute would deny Defendant due process of law.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1703(b) and/or (c), the time for Plaintiffs to be entitled to revoke or rescind the Purchase Agreement has lapsed.

## FIFTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction with respect to pendent state law claims.

**SIXTH AFFIRMATIVE DEFENSE**

If the NJREFDA, by its terms, applies to the transaction complained of in the Complaint, it violates the Commerce Clause of the United States Constitution and is unenforceable.

**SEVENTH AFFIRMATIVE DEFENSE
(TO THE FOURTH CAUSE OF ACTION)**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages as a result of the acts or omissions alleged in the Complaint.

WHEREFORE Defendant is entitled to judgment:

a. Dismissing the Complaint with prejudice;

b. Awarding Defendant the costs and expenses of this litigation, including its attorneys fees; and

c. Awarding Defendant such other and further relief as the Court may deem justice and proper.

Dated: New York, New York
       May 5, 2009

                STROOCK & STROOCK & LAVAN LLP

                By:  s/_____
                     Bruce H. Schneider

*Attorneys for Defendant, CRP/EXTELL PARCEL I, L.P*

180 Maiden Lane
New York, New York 10038
(212) 806-5636